IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**[1] ROBERT LUIS TAVAREZ,**<br>**[2] GABRIEL DE LA ROSA-ACOSTA,**<br>**[3] FRANCOIS JEAN,**<br><br>Defendants, | INDICTMENT<br><br>Criminal No. 22 - 100 (ADC)<br><br>Violations:<br>21 U.S.C. §§ 952(a), 960, 963<br>18 U.S.C. § 2<br>46 U.S.C. §§ 70503(a)(1), & 70506(b)<br><br>Forfeiture:<br>21 U.S.C. §§ 853, 970<br>46 U.S.C. § 70507<br>(Four Counts) |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 MAR 10 PM 5:26

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**Conspiracy to Import Cocaine**
21 U.S.C. §§ 952(a), 960, 963

Beginning on an unknown date, no later than March 2, 2022, and continuing up until the return of the instant indictment, from places outside of the United States, including the Dominican Republic, and elsewhere,

**[1] ROBERT LUIS TAVAREZ,**
**[2] GABRIEL DE LA ROSA-ACOSTA,**
**[3] FRANCOIS JEAN,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II

controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960 and 963.

## COUNT TWO
**Importation of Cocaine**
21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2

On or about March 2, 2022, from places outside of the United States, including the Dominican Republic, and elsewhere,

**[1] ROBERT LUIS TAVAREZ,**
**[2] GABRIEL DE LA ROSA-ACOSTA,**
**[3] FRANCOIS JEAN,**

the defendants herein, aiding and abetting each other and other persons known and unknown to the Grand Jury, attempted to knowingly and intentionally commit an offense against the United States, that is, to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2.

## COUNT THREE
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. §§ 70503(a)(1), 70506(b) and 21 U.S.C. § 960(b)(1)(B)

Beginning on an unknown date, no later than March 2, 2022, and continuing up until the return of the instant indictment, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] ROBERT LUIS TAVAREZ,**
**[2] GABRIEL DE LA ROSA-ACOSTA,**
**[3] FRANCOIS JEAN,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other diverse persons, to commit an offense defined in 46 U.S.C. § 70503, that is: to knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel

subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1), & 70506(b), and 21 U.S.C. § 960(b)(1)(B).

## COUNT FOUR
**Possession with Intent to Distribute a Controlled Substance
Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C. § 2

On or about March 2, 2022, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] ROBERT LUIS TAVAREZ,
[2] GABRIEL DE LA ROSA-ACOSTA,
[3] FRANCOIS JEAN,**

the defendants herein, aiding and abetting each other and other persons known and unknown to the grand jury, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATIONS

### NARCOTICS

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853, 970.

2. Pursuant to 21 U.S.C. §§ 853, 970, upon conviction of any of the offenses alleged in Counts One or Two of this indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(space intentionally left blank)

## MARITIME DRUG LAW ENFORCEMENT

1. The allegations in Counts Three and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2. The United States gives notice to the Defendants charged in Counts Three and Four of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

W. STEPHEN MULDROW
United States Attorney

TRUE BILL

_____
Max J. Perez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON
Date: 3/10/2022

_____
Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Antonio L. Perez-Alonso
Assistant United States Attorney
Transnational Organized Crime Section

5